UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY MILLER**, individually and on behalf of all others similarly situated, | § § § § | **CASE NO: 4:20-cv-01634** |
| Plaintiffs, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **CONOCOPHILLIPS COMPANY,** | § § § | |
| | § § | **COLLECTIVE ACTION** |
| Defendant. | § | **PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Larry Miller (Miller) brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA) against Defendant ConocoPhillips Company (ConocoPhillips).

2. Miller and the other workers like him regularly worked for ConocoPhillips in excess of 40 hours each week.

3. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead of paying overtime as required by the FLSA, ConocoPhillips paid these workers a daily rate with no overtime pay. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial

portion of the events giving rise to this action occurred in this District.

7. ConocoPhillips is headquartered in this District in Houston, Texas.

## THE PARTIES

8. Miller performed work for ConocoPhillips as a Project Lead from approximately February 2019 until December 2019. Throughout his tenure, he was paid a day-rate with no overtime compensation. His consent to be a party plaintiff is attached as **Exhibit A**.

9. Miller brings this action on behalf of himself and all other similarly situated workers paid by ConocoPhillips's day-rate system. ConocoPhillips paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The FLSA class of similarly situated workers consists of:

> **Current and former oilfield workers[1] employed by or performing work on behalf of ConocoPhillips Company and paid a day-rate without overtime during the past three years** (the "Day Rate Workers").

10. ConocoPhillips is a Texas corporation and may be served with process by serving its registered agent: United States Corporation Company, 211 E. 7th Street, Suite 620 Austin, TX 78701.

## COVERAGE UNDER THE FLSA

11. For at least the past three years, ConocoPhillips has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. For at least the past three years, ConocoPhillips has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

---

[1] This FLSA putative class is intended to exclude the putative class members who were employed as Completions Supervisors or "company men" by ConocoPhillips classified as independent contractors and paid a day rate as defined in *Duffy v. ConocoPhillips*. This FLSA putative class is also intended to exclude the putative class members who were inspectors working on pipelines for ConocoPhillips and who were paid a day rate as defined in *Stanley v. ConocoPhillips*.

13. For at least the past three years, ConocoPhillips has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

14. For at least the past three years, Miller and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

15. ConocoPhillips treated Miller (and indeed all its oilfield workers that it classified as independent contractors as employees and uniformly dictated the pay practices to which Miller and its other employees (including its so-called "independent contractors") were subjected.

16. ConocoPhillips's misclassification of Miller as an independent contractor does not alter its status as an employer for purposes of this FLSA collective action.

## FACTS

17. ConocoPhillips is an oil and natural gas exploration and production company operating worldwide and throughout the United States. In order to provide services to many of its customers, ConocoPhillips contracts with certain companies to provide it with personnel to perform the necessary work.

18. To complete its business objectives, ConocoPhillips hires personnel to perform the necessary work. Over the past three years, ConocoPhillips employed dozens of individuals – including Miller – as Project Leads, Project Managers, Specialists, and Supervisors (or similar positions) in several states.

19. While exact job titles and job duties may differ, these workers are subjected to the same or similar illegal pay practices for similar work. Specifically, ConocoPhillips paid these workers a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

20. For example, Miller worked for ConocoPhillips starting in approximately February 2019 through December 2019 as a Project Lead in Watford, North Dakota. Throughout his tenure, he was paid on a day-rate basis.

21. As a Project Lead, Miller's primary job duties included conducting maintenance work on location, monitoring system pressures at the well site, and observing contractors' work product. Miller worked well in excess of 40 hours each week while employed by ConocoPhillips.

22. The work Miller performed was an essential part of ConocoPhillips's core business.

23. During Miller's employment with ConocoPhillips while he was classified as an independent contractor, ConocoPhillips exercised control over all aspects of his job. ConocoPhillips did not require any substantial investment by Miller for him to perform the work required of him.

24. ConocoPhillips paid Miller through various staffing companies throughout his tenure.

25. ConocoPhillips determined Miller's opportunity for profit and loss.

26. Indeed, ConocoPhillips controlled all the significant or meaningful aspects of the job duties performed by Miller.

27. ConocoPhillips ordered the hours and locations Miller worked, tools used, and rates of pay received.

28. ConocoPhillips controlled all aspects of Miller's job activities by enforcing mandatory compliance with ConocoPhillips's policies and procedures.

29. No real investment was required of Miller to perform his job. More often than not, Miller utilized equipment provided by ConocoPhillips to perform his job duties. Miller worked on ConocoPhillips's job location, ConocoPhillips owned the job site, and ConocoPhillips controlled the operations at the job site.

30. These workers carry out the hands-on, day-to-day production work of ConocoPhillips.

31. Miller did not provide the equipment he worked with on a daily basis.

32. ConocoPhillips made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Miller worked.

33. Miller did not incur operating expenses like rent, payroll and marketing.

34. Miller was economically dependent on ConocoPhillips during his employment.

35. ConocoPhillips set Miller's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for ConocoPhillips.

36. ConocoPhillips directly determined Miller's opportunity for profit and loss. Miller's earning opportunity was based on the number of days ConocoPhillips scheduled him to work.

37. Very little skill, training, or initiative was required of Miller to perform his job duties.

38. Indeed, the daily and weekly activities of the Day Rate Workers were routine and largely governed by standardized plans, procedures, and checklists created by ConocoPhillips.

39. Virtually every job function was pre-determined by ConocoPhillips, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

40. The Day Rate Workers were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Day Rate Workers were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

41. The Day Rate Workers did not have any supervisory or management duties.

42. For the purposes of an FLSA overtime claim, the Day Rate Workers performed substantially similar job duties related to servicing oil and gas operations in the field.

43. Miller performed routine manual and technical labor duties that were largely dictated by ConocoPhillips.

44. Miller was not employed by ConocoPhillips on a project-by-project basis.

45. In fact, while Miller was classified as an independent contractor, he was regularly on call for ConocoPhillips and was expected to drop everything and work whenever needed.

46. The Day Rate Workers also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Day Rate Workers all worked in excess of 40 hours each week and were often scheduled for 12-hour shifts for weeks at a time. Instead of paying them overtime, ConocoPhillips paid the Day Rate Workers a day-rate. ConocoPhillips denied the Day Rate Workers overtime for any hours worked in excess of 40 hours in a single workweek.

47. ConocoPhillips's policy of failing to pay its independent contractors, including Miller, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

48. It is undisputed that the contractors are maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field.

49. Because Miller (and ConocoPhillips's other independent contractors) was misclassified as an independent contractor by ConocoPhillips, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

50. Despite knowing the FLSA's requirements, ConocoPhillips failed to pay Miller and the Day Rate Workers overtime for hours worked in excess of 40 hours in a single workweek.

## FLSA VIOLATIONS

51. Miller incorporates the preceding paragraphs by reference.

52. As set forth herein, ConocoPhillips violated the FLSA by failing to pay Miller and the Class Members overtime at 1 and ½ times their regular rate of pay, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

53. ConocoPhillips knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Day Rate Workers overtime compensation. ConocoPhillips's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

54. Accordingly, Miller and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

55. Miller incorporates all previous paragraphs and alleges that the illegal pay practices ConocoPhillips imposed on them were likewise imposed on the members of the class.

56. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

57. Numerous other individuals who worked with Miller indicated they were improperly classified as contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

58. Based on his experiences and tenure with ConocoPhillips, Miller is aware that ConocoPhillips's illegal practices were imposed on the members of the class.

59. ConocoPhillips used day rate contractors across the United States.

60. The members of the class were all improperly classified as contractors and not afforded overtime compensation when they worked in excess of forty 40 hours per week.

61. ConocoPhillips is the true employer of Miller and the Day Rate Workers.

62. ConocoPhillips's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the class.

63. Miller's experiences are therefore typical of the experiences of the members of the class.

64. The specific job titles or precise job locations of the various members of the class do not prevent class or collective treatment.

65. Miller has no interests contrary to, or in conflict with, the members of the class. Like each member of the class, Miller has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

66. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

67. Absent this action, many members of the class likely will not obtain redress of their injuries and ConocoPhillips will reap the unjust benefits of violating the FLSA.

68. Furthermore, even if some of the members of the class could afford individual litigation against ConocoPhillips, it would be unduly burdensome to the judicial system.

69. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

70. The questions of law and fact common to each of the members of the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    (a) Whether ConocoPhillips employed the members of the class within the meaning of the FLSA;

    (b) Whether the members of the class were improperly misclassified as independent contractors;

(c) Whether ConocoPhillips's decision to classify the members of the class as independent contractors was made in good faith;

(d) Whether ConocoPhillips's decision to not pay time and a half for overtime to the members of the class was made in good faith;

(e) Whether ConocoPhillips's violations of the FLSA was willful; and

(f) Whether ConocoPhillips's illegal pay practices were applied uniformly across the nation to all members of the class.

71. Miller's claims are typical of the claims of the members of the class. Plaintiffs and the members of the class sustained damages arising out of ConocoPhillips's illegal and uniform employment policy.

72. Miller knows of no difficulty that will be encountered in the management of this litigation that would preclude their ability to go forward as a collective action.

73. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

74. Miller demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs pray for judgment against ConocoPhillips as follows:

(a) For an order allowing this action to proceed as a FLSA collective action and directing notice to the class;

(b) For an order pursuant to section 16(b) of the FLSA finding ConocoPhillips liable for unpaid back wages, and an equal amount of liquidated damages, due to Miller and the class members;

(c) For an order awarding Miller and the class members the costs of this action;

(d) For an order awarding Miller and the class members their attorneys' fees;

(e) For an order awarding Miller and the class members unpaid benefits and compensation in connection with the FLSA violations;

(f) For an order awarding Miller and the class members pre- and post-judgment interest at the highest rates allowed by law; and

(g) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    Michael A. Josephson
    Texas Bar No. 24014780
    Fed Id. 1093163
    Andrew W. Dunlap
    Texas Bar No. 24078444
    Federal ID No. 1093163
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77005
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    Federal ID No. 21615
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**